UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**SAMMY J. RATLIFF**                                                                                       **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 5:23CV-P15-JHM**

**MARK A. BEARD**                                                                                         **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Sammy J. Ratliff filed the instant *pro se* 42 U.S.C. § 1983 action. The case is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). He sues Mark A. Beard, a KSP corrections officer, in his individual and official capacities. Plaintiff states as follows:

> On 4-5-22 around 430 pm 3rd chow C/O Beard was severin our food making comments about playin a inmates food in cell 114R "made exter specail for you" I ask is the sec tray made special just for me. I made a smart ass comment that made him mad. He opens my tray slot I put my two cups out to recieve my juice. He is being petty and puts a sip in my cups. I request the rest of my juice. That's when he tells me to fill them up with shut the f*** up. I ask for his superviser. He trys to force a tray in my cell while my hands are out of the flap none moving he assuilts me with such tray in my stomach. I still make no movents now hands still holding empty cup with a tray blancing on the flap. He trys shuting the flap while my hand our out. Then he maced stopped shook the can up did it again and then again.

As relief, Plaintiff seeks compensatory damages and punitive damages.

### II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claim

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, official-capacity claim against Defendant, an employee of the Commonwealth of Kentucky, must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### *B. Individual-capacity claims*

The Eighth Amendment prohibits the Government from imposing "cruel and unusual punishment" upon prisoners. U.S. Const. amend. VIII. The Eighth Amendment prohibits conduct by prison officials that involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). "'[T]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.'" *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1093-94 (6th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992)) (internal quotation marks omitted). Therefore, not every shove or restraint gives rise to a constitutional violation. *See Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014).

Plaintiff alleges that Defendant assaulted him with a lunch tray in his stomach, tried to shut his tray slot while his hands were out, and sprayed him with mace. However, he does not allege any injury or other deleterious effect of Defendant's actions, and he therefore fails to state a constitutional violation. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (explaining that plaintiff failed to show more than a *de minimis* physical injury after being sprayed with OC spray when

3

"[a]t no time was [plaintiff] in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray"); *Hamilton v. Roederer Corr. Complex*, No. 3:20-CV-P160-DJH, 2020 U.S. Dist. LEXIS 141998, at *7 (W.D. Ky. Aug. 10, 2020) (finding the plaintiff failed to "allege any injury from Defendant's spraying OC spray on his back, not even discomfort" and even if he did suffer some discomfort, "'[t]emporary or minor discomfort is insufficient to establish a claim of a constitutional magnitude'") (quoting *Hutson v. Felder*, No. 5:07-183-JMH, 2008 U.S. Dist. LEXIS 69642, at *12 (E.D. Ky. Sept. 10, 2008)). Therefore, the Court finds that Plaintiff's allegations must be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff also alleges a claim based on alleged verbal abuse by Defendant, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, at *8 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree."). Therefore, any claim based on Defendant's statements to Plaintiff must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: July 2, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010

4